No. 10,225.

SUCCESSION OF MRS. SELINA D. BOBB.

41   247
46   602
41   247
48   1044

1.  The staleness of a demand attacking ancient settlements, made after the lapse of twenty years and only after the death of the party charged and excused by no proof of ignorance or concealment, imposes upon the attacking party the necessity of making clear and unequivocal proof.

2.  Equity may, possibly, in certain cases, follow funds illegally converted and treat the property in which they have been invested as the mere representative of the funds themselves; but ordinarily the wrong-doer will be treated only as a debtor and his title to property cannot be ignored, without a clear tracing of the conversion of the identical funds into the property. The case of the complaining heirs of John H. Bobb fails at every point.

3.  In the interpretation of wills the first and natural impression conveyed to the mind on reading the clause involved is entitled to great weight: The testator is not supposed to be propounding riddles, but rather to be trying to convey his idea in the simplest manner so as to be correctly understood at first view.

4.  When this impression is confirmed by the application of grammatical rules to the clause as constructed, it derives great additional support.

4.  *In obscuris minimum sequimur;* and the code expressly provides that in case of doubt as to "whether a greater or less quantity has been bequeathed, it must be decided for the least." C. C. 1707.

A PPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*W. S. Benedict* and *H. C. Cage* for Plaintiffs and Appellees.

*Bayne. Denegre & Bayne* and *J. Ward Gurley, Jr.,* contra.

The opinion of the Court was delivered by

FENNER, J. The judgment appealed from involves two controversies entirely independent of each other.

I.

Selina D. Bobb died in this city in 1885, leaving a considerable estate consisting of movable and immovable property. She left a testament, her succession was duly opened and is in process of administration by her testamentary executor.

She was the widow of John H. Bobb, who died in Vicksburg, Mississippi, in 1865. His legal heirs, being his brothers and sisters and their descendants, filed their petition in the court below, in which they represent that John H. Bobb left, at his death, a large estate; that his succession was opened in Vicksburg, and John A. Klein appointed administrator thereof; that Klein illegally turned over to the widow the whole

estate, who converted it into cash and removed to New Orleans; that she never had any other means than the proceeds of the property thus illegally converted; that the estate left by her represented nothing but the investment of said proceeds; and that, instead of entering into her succession, the said estate belongs wholly to the succession of John H. Bobb, and to the petitioners, as his legal heirs. They, therefore, pray for a judgment decreeing them to be sole owners of the whole estate and directing the executor to turn the same over to them with an account of the rents and revenues.

Various technical pleas, as well as pleas of prescription, were interposed; but they were reserved and the case went to trial on the merits.

The staleness of such a demand, brought only after the lapse of twenty years and after the death of the party charged with such grave derelictions, imposed upon plaintiffs the necessity of making clear and unequivocal proof.

The law of Mississippi is proved by the witnesses of petitioners, and it fully appears that John H. Bobb having died intestate and without descendants, his widow became entitled to the ownership of one-half the realty in fee simple, and to one-half the personalty remaining after payment of debts.

There is no satisfactory proof that she ever received more than the share thus accruing to her under the law.

If there were such proof, the excess, as received by her, could form the basis of nothing but a personal debt due by her, the action for which is long since prescribed. It appearing that she had means of her own to the extent of at least her interest in Bobb's estate, her subsequent investments must be regarded as made therewith, and there is no basis for the contention that they can be treated as mere fraudulent conversions of funds belonging to others which equity may unmask and treat as the representative of the funds themselves. But, as before said, there is not the slightest trace of fraud, or even of concealment. The heirs appear to have been advised of the condition of the estate and of the settlements made. To some of these settlements they were parties. As they have never before complained of them, it must be presumed that the settlements were fairly made, and they cannot now be listened to in attacking them, particularly when they don't even allege ignorance, concealment or fraud.

The judgment of the court *à quá*, rejecting their demand, is clearly correct.

## II.

The other controversy arises on the construction of the will of Mrs.

Bobb. The will is in olographic form and was evidently written by the testatrix, without assistance. We give it, *literatim et punctuatim*, as follows :

"In the year of our Lord, 1884, Dec. 15, I, Selina D. Bobb, do hereby declare this to be my last will and testament, written with my own hand when sound in mind.

"I wish Mr. E. J. Hart, Jr., to administer on my estate and see that my wishes are carried out to the letter.

"I wish three thousand dollars kept on interest for the benefit of Mrs. J. M. Hall my son's widow her life time, I wish her to live with Sallie if agreeable on all sides, If she should have to Board, There will have to be Five Thousand reserved, If the Three is not sufficient to pay Board and Clothe her.

"*To Sallie B. Hart I give the House we now occupy 191 Seventh street, my Dimond Sett and a portion of the Furniture and Silverware, Sallie is to have all that I don't make any disposition off.*

"To Selina B. Hart I give one thousand dollars to be kept on interest for her untill she is of age, also my Dimond cluster ring.

"To Selina Reeder I give one thousand dollars to be kept on interest for her benefit untill she is of age, and my Dimond band ring.

"To Lucie E. Reeder I give her Home she now occupies on Arabella street, also one sopha three small arm chairs the red rocking chair (followed by various other articles of furniture).

"To Josephein Hamilton I give her House she now occupies half doz silver Forks half doz Table Spoons (followed by various other articles of furniture, etc.).

"To Jessie Creighton I give one thousand dollars.

"To Cousin Mary & Alec Duerson each $200.

"To Mrs. Emily Wilson $200. To Major Sebastian $200. To Dr. & Clara Birchett $500. To Mary Bobb Trigg $100. To Georgia S. White $100.

*After all my debts are paid and my Jackson street property sold, Sallie is to have $2000 out of it, the balance to be divided between Lucie Reeder & Josephein Hamilton. After India's death the money kept on Interest for her is to be divided between Sallie Lucie and Josephein.*

(Signed) "MRS. SELINA D. BOBB."

"I give Josephein Hamilton my watch."

The subjects of controversy are the two italicized clauses.

It is admitted that, after payment of debts and satisfaction of all particular legacies, there will remain a surplus, the disposition of which is the matter in dispute.

Under the first italicized clause, Sallie B. Hart claims that she is constituted the residuary legatee of all the estate not otherwise disposed of; while, under the last italicized clause, Mrs. Reeder and Mrs. Hamilton set up a like claim in their own behalf.

Notwithstanding a very earnest and ingenious argument by her counsel, we are clearly satisfied, as was the district judge, that the claim of Mrs. Sallie B. Hart has no merit. The clause, taken as a whole, leaves no doubt on our mind that the phrase, "Sallie is to have all that I don't make any disposition off," refers obviously to the subject-matter the disposition of which was then engaging the mind of the testatrix, viz: the furniture and silverware contained in her residence.

The claim of Mrs. Reeder and Mrs. Hamilton presents more difficulty. "After all my debts are paid and my Jackson street property sold, Sallie is to have $2000 out of it, the balance to be divided between Lucie Reeder and Josephein Hamilton."

The solution depends upon ascertaining the subject-matter to which the words "it" and "balance" have reference.

The first and natural impression derived from the reading of the clause attaches to it the meaning that Sallie is to have $2000 out of the proceeds of sale of the Jackson street property and the balance thereof is to be divided as directed. Reason and common sense attach great importance to such impressions in the interpretation of written instruments. The writer is not supposed to be propounding riddles, but rather to be trying to convey his idea in the simplest and most natural manner, so as to be correctly understood at the first view.

If, however, we resort to grammatical analysis, the foregoing impression is strongly confirmed. "It" is an indefinite pronoun, the meaning of which can only be ascertained by reference to something which has been spoken of before. The only thing antecedently spoken of in the clause, to which "it" could refer, is the sale of the Jackson street property. If we ignore this obvious reference, we are left at sea, because no other subject-matter has been antecedently spoken of, to which the pronoun could be said to refer with the slightest certainty. If we refer the word "it" to these proceeds, it seems clearly to follow that the word "balance" must have a like reference. After paying $2000 out of these proceeds, there will remain a *balance*, which is the balance disposed of. The whole clause indicates that the disposition of the proceeds of sale of the Jackson street property was the sole purpose present in the mind of the testatrix when it was framed.

If it were admitted, however, that the clause is obscure and susceptible of a broader interpretation, then the claim of opponents would en-

counter another obstacle in the ancient maxim of interpretation: *"In obscuris, minimum sequimur;"* which has been formulated in Article 1717 of the Code: *"If it cannot be ascertained whether a greater or less quantity has been bequeathed, it must be decided for the least."*

For these reasons we are compelled to differ with our learned brother of the District Court in his interpretation of this clause of the testament.

It is, therefore, ordered that the judgment appealed from be amended by striking therefrom the clause recognizing Mrs. Lucy Reeder and Mrs. Josephine Hamilton as residuary legatees of the balance of the estate, and that, as thus amended, the judgment be now affirmed; costs of appeal to be divided between the appellant heirs and the cast appellees.