153 So. 15

## Succession of LA BARRE.

### No. 32323.

Jan. 29, 1934.

Rehearing Denied Feb. 26, 1934.

Hartman, Sheridan, Tekulsky & Pecora, of New York City, and Herbert W. Kaiser and John H. Hammel, Jr., both of New Orleans, for appellants Oliver H. and Elwood La Barre.

Lazarus, Weil & Lazarus and Herman S. Lindy, both of New Orleans, for appellees Katherine Delp et al.

Eugene J. McGivney and Eugie V. Parham, both of New Orleans, for appellee Hahnemann Medical College and Hospital of Philadelphia.

ROGERS, Justice.

Miss Mabel C. La Barre died testate in the city of New Orleans, her domicile, on September 6, 1931. Her will in olographic form was made while she resided in the city of Chicago.

Oliver H. La Barre and Elwood La Barre, the paternal uncles and legal heirs of the testatrix, brought suit to annul certain provisions of her will. The court below dismissed the suit, and plaintiffs have appealed.

The question submitted for decision calls for the interpretation of the twenty-second and twenty-third paragraphs of the will of the decedent. These paragraphs read as follows, viz.:

"Twenty-second: If the securities mentioned do not cover expenses there are thirty-eight shares (38) of Pioneer Plantation stock. Any remainder, I desire deposited with the Easton Trust Co., of Easton, Pa. That, with the income from the sixty (60) shares of Easton Trust Co. stock is to form a trust fund to be controlled by the Easton Trust Co., for the education of Floyd Delp's children if they wish to go to higher schools or colleges; or, to enable them to live in a different climate if necessary for the good of their health. I prefer that the girls would attend Goucher College of Baltimore."

"Twenty-third: After they are grown and educated, I direct that the Easton Trust Co. turn over the investments, or proceeds of the sales, to Hahnemann Hospital of Philadelphia."

Plaintiffs contend: First, that the testatrix in said paragraphs of her will disposed of the income or usufruct of certain stock, but made no disposition of the principal or naked ownership thereof, and, consequently, plaintiffs, as her legal heirs, should be recognized as the owners of the stock, subject to the usufruct or income thereof forming part of the corpus of a trust estate, if the court should

determine a valid trust was created; and, secondly, no valid trust has been created by the will that a court is capable of enforcing.

■■ The testator's intention is his will. This is the primary rule of interpretation to which all others are subordinate. Succession of Blakemore, 43 La. Ann. 845, 9 So. 496. This intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. No part of a will should be rejected, except what the law makes it necessary to reject. Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator's intention, the court should select that interpretation which will carry out the intention of the testator.

■ There is also another rule which is invariably followed by the courts in interpreting a will; namely, that, if possible, the will should be read so as to lead to a testacy, not to an intestacy.

Proceeding to examine the will of Miss La Barre, we find that, after stating she was desirous of arranging her affairs in the event of her death, the testatrix declared that she made this as her last will and testament. She then proceeded in an orderly way and by numbered paragraphs to dispose of what she clearly conceived to be her entire estate. In the first paragraph, the testatrix directed her executor to pay all her debts and funeral expenses as soon after her decease as reasonably could be done. In the second paragraph she instructed her executor as to the manner of interring her remains, and made a bequest to the cemetery association for the upkeep of

the plot in which her remains were to be interred. In the third paragraph she left a special legacy of her stock in the East Stroudburg National Bank to the Evangelical Church of Upper Mt. Bethel, Stone Church, Pa., also leaving the church the sum of $500 in cash. In the fourth paragraph she made a special cash legacy to Goucher College, of the city of Baltimore. In the fifth paragraph she directed that all the inheritance taxes be defrayed by her estate, so as to leave all bequests for the amounts called for in the will. In order to pay the inheritance taxes and other expenses, the testatrix suggested the calling of certain mortgages she then held. The sixth paragraph contains a number of special legacies, including a legacy of a diamond ring and $2,000 in cash to Oliver H. La Barre, one of the plaintiffs, and a legacy of $2,150 in Liberty bonds to Elwood La Barre, the other plaintiff. The seventh through the eighteenth paragraphs contain special legacies of various articles of personal property and of certain bonds and mortgages owned by the testatrix. The nineteenth paragraph expressed the testatrix' desire that shipping expenses of the articles should be paid from her estate. By the twentieth paragraph the testatrix provided that any articles not specifically disposed of by her will or not wanted by the legatees should be sold to meet expenses. In the twenty-first paragraph, she named the executor, expressly stipulating he should serve "until everything is disposed of as I wish except the trust fund hereinafter described." As compensation for his services, she bequeathed the executor certain real estate and certain shares of stock which she owned. The twenty-second and twenty-third paragraphs, which are the last two paragraphs of the will, are hereinabove set forth in full.

■ In the interpretation of wills, the first and natural impression conveyed to the mind on reading the clause involved is entitled to great weight. The testator is not supposed to be propounding riddles, but rather to be trying to convey his idea in the simplest manner so as to be correctly understood at first view. Succession of Bobb, 41 La. Ann. 247, 5 So. 757.

■ The first and natural impression derived from reading the will under review, including the disputed clauses, is that the testatrix intended to make, and did make, a complete disposition of all the property she owned from the smallest trinket to the most valuable asset. The will plainly indicates that the sole purpose in the mind of the testatrix when she wrote it was to distribute her belongings, both large and small, among the relatives and friends who had been kind to her in life and the institutions which she felt had claims upon her bounty.

The testatrix named her executor with express directions that he should administer her estate until everything was disposed of, except the trust fund which she was about to create in her will, placing in said fund all the property which she had not previously disposed of in the will.

Plaintiffs argue that paragraphs 22 and 23, when construed with paragraph 5 dealing with the payment of inheritance taxes and other expenses and providing for the calling of certain mortgages for that purpose, indicate that the testatrix intended to place in

trust only the income from the stock of the Easton Trust Company, leaving the naked ownership of the stock to descend to her legal heirs by the operation of law.

But plaintiffs' argument fails to take into account the meticulous care with which the testatrix disposed of her estate. It overlooks the number of special bequests contained in the will, including the considerable legacies left to the plaintiffs, and particularly the stipulation that, if any of the Liberty bonds bequeathed to Elwood La Barre be left at his death, they are to revert to his brother, O. H. La Barre, thereby indicating that what the testatrix expressly bequeathed to plaintiffs was all she intended they should have. It ignores paragraph 16, in which the testatrix provided for the disposition of her jewelry not otherwise disposed of, and paragraph 20, which provides for the sale to meet expenses of the unbequeathed and unwanted articles. And it also disregards the provision that the executor was to act until everything was disposed of as the testatrix wished, except the trust fund created by her further along in her will.

When all the dispositions of the will are considered, we think it becomes clear that paragraphs twenty-second and twenty-third indicate and express the testatrix' intention that, if the securities previously referred to in the will should be insufficient to meet expenses, the Pioneer plantation stock should be used for that purpose, and the unused stock, if any, should be deposited with the Easton Trust Company; that the income from the unsold Pioneer plantation stock, together with the income from the Easton Trust Company stock, should constitute a trust fund to be administered by the Easton Trust Company for the use and benefit of the children of Floyd Delp; and that, after the said children are grown and educated, the trustee should turn over to the Hahnemann Hospital the investments or the proceeds of any sales thereof. The twenty-third paragraph of the will can only mean that the trustee shall have in its possession and under its control the unsold Pioneer plantation stock and the Easton Trust Company stock, only the dividends from which can be used for the education or welfare of the Delp children, with a discretionary right vested in the trustee to sell the investments during its administration of the trust.

The view which we have taken and which we have expressed concerning the issues of the case renders it unnecessary for us to pass on plaintiffs' contention that the trust is unenforceable. That is a matter in which plaintiffs have no interest.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.