387 So.2d 1378 (1980)
In re SUCCESSIONS of Levy JOHNSON, Eddie Johnson, Mack Johnson and Nancy Johnson Middleton, Lehman Johnson, Plaintiffs-Appellants,
v.
Artis WILLIAMS, Lou Williams, Johnny Gaddis, Jr., Agnes Saulsberry and Millie Jackson, Defendants-Appellees.
No. 14210.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
*1379 Jones, Jones & Jones by Benjamin Jones, Monroe, for plaintiffs-appellants.
McIntosh, Fox & Lancaster by John M. Lancaster, Oak Grove, for defendants-appellees.
Before HALL, JASPER E. JONES and FRED W. JONES, JJ.
JASPER E. JONES, Judge.
Plaintiff, Lehman Johnson, Administrator of the Succession of Nancy Johnson Middleton, appeals a judgment upholding the validity of the last will and testament of Nancy Johnson Middleton which he had sought to invalidate in this declaratory judgment action. We amend the judgment and affirm.
Nancy J. Middleton and her brother, Mack Johnson, were the only children of Levy and Eddie Johnson. Levy and Eddie died intestate owning a 40 acre tract of land in West Carroll Parish leaving as their sole heirs Nancy and Mack. Nancy and Mack each inherited an undivided one-half interest in the 40 acre tract. Nancy died in 1964 without issue. She left a will which granted certain tracts to Artis Williams, Lou Williams, Johnny Gaddis, Jr., Agnes Saulsbury, and Jim Johnson. The bequests totaled 20 acres. The bequests read as follows:
"I own twenty (20) acres of land near Darnell, Louisiana, in Section 27, Township 20 North, Range 10 East.
I give and bequeath to Artis Williams the West four (4) acres of the Northwest five (5) acres of my land.

*1380 I give and bequeath to Lou Williams the East one (1) acre of the Northwest five (5) acres of my land.
I give and bequeath to Johnny Gaddis, Jr. the Northeast five (5) acres of my land.
I give and bequeath to Agnes Saulsbury the East six (6) acres of the South half of my land.
I give and bequeath to Jim Johnson the West four (4) acres of the South half of my land.
If it should be determined that I own more or less than twenty (20) acres, then it is my desire that the said legatees shall receive the same proportion of the total as the acreage willed to them bears to twenty (20) acres, to be located as near as possible in the same positions as hereinabove stipulated."
At the time of her death Nancy owned only an undivided one-half interest in the 40 acres though the legacies in her will seemed to indicate she believed she owned 20 acres in full ownership.
Lehman Johnson, as appointed administrator of the succession, contends the bequests amounted to a donation of property belonging to another and, therefore, under LSA-C.C. art. 1639[1] the bequests are null and void.
The trial court did not agree with plaintiff's contention. It applied the maxim that a will should be given effect if at all possible and found the testatrix's intent readily ascertainable. The trial court also relied upon Succession of Marion, 163 La. 734, 112 So. 667 (1927), which upheld a bequest purporting to bequeath full ownership in movable property in which the testatrix only owned an undivided interest.
The issue on appeal is whether these particular dispositions should be given effect or whether the 20 acres should pass intestate.
The Louisiana jurisprudence preponderates in favor of upholding a will if at all possible. In order to interpret a will the testator's intention must be ascertained without departing from the proper significance of the terms of the will. LSA-C.C. art. 1712.[2] Moreover, a disposition must be understood in the sense in which it can have effect rather than that in which it can have no effect. LSA-C.C. art. 1713.[3] All rules of testamentary interpretation are only means to the end that courts must endeavor to determine the testator's intent. If there is a choice between two interpretations-one which will effectuate the disposition and the other defeat it-the court interprets the testator's intent to effectuate the bequest. The law presumes that the testator intends to dispose of all of his estate in the will if the will contains no declarations to the contrary. These principles of interpretation were all sanctioned in Carter v. Succession of Carter, 332 So.2d 439 (La.1976), as reflected from the following quote from the opinion at pages 441-442:
"Principally, courts must endeavor to ascertain the testator's intention. All other rules are only means to that end. Succession of La Barre, 179 La. 45, 153 So. 15 (1934); Succession of McBurney, 165 La. 357, 115 So. 618 (1928); Succession of Blakemore, 43 La.Ann. 845, 9 So. 496 (1891). The function of the court is to determine and carry out the intention of the testator if it can be ascertained from the language of the will. Succession of Wilcox, 165 La. 803, 116 So. 192 (1928).
`This intention must be ascertained from the whole will, and effect must be *1381 given to every part of the will as far as the law will permit. No part of a will should be rejected, except what the law makes it necessary to reject. Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator's intention, the court will carry out the intention of the testator.
"There is also another rule which is invariably followed by the courts in interpreting a will; namely, that, if possible, the will should be read so as to lead to a testacy, not to an intestacy." Succession of La Barre, supra, 179 La. at page 48, 153 So. at page 16.'
In the absence of contrary expressions, the law presumes that when a will is executed the testator intends to dispose of his entire estate. Succession of Killingsworth, 292 So.2d 536 (La.1973); Succession of Montegut, 211 La. 112, 29 So.2d 583 (1947); Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945). And the cases have recognized that in the interpretation of wills, the first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. The testator is not supposed to be propounding riddles, but rather to be conveying his ideas to the best of his ability so as to be correctly understood at first view. Succession of La Barre, supra; Succession of Bobb, 41 La.Ann. 247, 5 So. 757 (1889)."
See also Succession of Bel, 377 So.2d 1380 (La.App. 4th Cir. 1979), and Succession of Griffin, 366 So.2d 1029 (La.App. 1st Cir. 1978).
The only Louisiana case that construed LSA-C.C. art. 1639 in connection with a contention that a bequest of full ownership was a nullity when the testator only owned an undivided interest is the Succession of Marion, supra. Here the testatrix's disposition in her will left all her diamonds and gold jewelry to Father Martin. Some of this jewelry was owned by the testatrix in full ownership; however, the remainder had been inherited from her mother and was owned in indivision by the testatrix and her two brothers. The two brothers (the plaintiffs) contested the validity of the disposition to Father Martin. Plaintiffs relied upon LSA-C.C. art. 1639 to argue for annulment of the bequest of the jewelry. The supreme court found plaintiffs had an undivided one-half interest in the jewelry that was owned by the mother. The court held the testatrix had the right to dispose of her one-half interest in this jewelry. The court stated 112 So. at p. 669:
"Whatever interest she owned in them [the jewelry] she conveyed by the will.
Where one owns property in indivision with another, and bequeaths the entire property to some third person, the disposition to the extent of the testator's ownership is valid, unless the disposition is so worded as to prevent its being executed in part."
The trial court in its reasons for judgment construed the decedent's will as follows:
"It is an unassailable maxim that in Louisiana the Courts should and must give effect to all testaments if at all possible and the intent of the testator can be discerned. Certainly the intent of the testatrix in this case can be ascertained for she inserted the following clause, to-wit:
`If it should be determined that I own more or less than twenty (20) acres then it is my desire that the said legatees shall receive the same proportion of the total as the acreage willed to them bears to twenty (20) acres, to be located as near as possible in the same positions as hereinabove stipulated.'
Thus testatrix recognized that she might not be able to bequeath specific acreage, but that she intended for the legatees to have the same proportion in the whole that her specific bequest bears to twenty (20) acres. In Succession of Marion, 163 La. 734, 112 So. 667 (1927), the Louisiana Supreme Court specifically recognized the *1382 validity of a will purporting to bequeath specific property in which the testatrix only owned an undivided interest, and the case states that such a disposition should be given effect to the extent of the undivided interest unless the disposition is so worded as to prevent its being executed in part. Certainly that is not the case here, and the Court upholds the validity of the testament insofar as it relates to the undivided interest of the testatrix. Thus the above named legatees will take, respectively, 4/20, 1/20, 5/20, 6/20 and 4/20 of her estate."
The language used in the will evidences the testatrix's intent to give to each of the legatees a proportional share in the 20 acres so that her entire interest in the total 40 acres would be given to the named legatees. The paragraph in her will stating that the legatees should receive the same proportion of the total as the amount willed them bears to 20 acres (should she be determined to own more or less than 20 acres) shows her intent was to give away her entire interest in the 40 acres.
We find that the interpretation of the trial court carried out the testatrix's intent to bequeath to the named legatees all of her land in the proportions which she had allotted in her own special bequests and though the trial court found it impossible to give whole ownership to each legatee at the location specified by the testator this possible eventuality was recognized by the testator when she said "to be located as near as possible in the same positions as hereinabove stipulated". The trial court's reasons for judgment have complied with the mandate of LSA-C.C. art. 1713:
"A disposition must be understood in the sense in which it can be given effect, rather than that in which it can have none."
The judgment appealed from only stated:
"IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of defendants upholding the validity of the last will and testament of Nancy Johnson Middleton and dismissing the plaintiff's suit at his cost."
and failed to include the interpretation of the bequests contained in the written reasons of the trial judge which we have here approved, and for that reason we recast the judgment appealed from by adding the following paragraph to it:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the will of said decedent's bequeaths unto the following legatees in the proportions set forth by their name:
Artis Williams-4/20ths
Lou Williams-1/20th
Johnny Gaddis, Jr.-5/20ths
Agnes Saulsbury-6/20ths
Jim Johnson-4/20ths
the decedent's undivided interest in the following described property:
Commencing at the N.E. corner of the N.E. one-fourth of the Southwest Quarter of Section 27, Township 20 North of Range 10 East and running West three chains to the place of beginning, then South 20 chains, thence West 20 chains, thence North 20 chains, thence East 20 chains to the place of beginning, lying and being in the Parish of West Carroll, Louisiana, in the district of lands north of Red River all in section 27 (T 20 N-R 10 E) containing 40 acres more or less.
As AMENDED the judgment is AFFIRMED at appellant's costs.
NOTES
[1] LSA-C.C. art. 1639-When the testator has bequeathed a thing belonging to another person, the legacy shall be null, whether the testator knew or know [knew] not that the thing did not belong to him.
[2] LSA-C.C. art. 1712-In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.
[3] LSA-C.C. art. 1713-A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.