PLANCHARD, Judge Pro Tern.
This is an appeal by Daniel P. Duhon, the son of Willie Duhon, concerning two legacies in his father’s last will and testament.
Willie Duhon made a Nuncupative testament by Private Act in 1971. After his death in 1988, this testament was admitted to probate by the district court. A Judgment of Partial Possession was rendered by the district court and it is this judgment which Daniel Duhon has appealed. The form of the testament is not being challenged by any party to this litigation but the validity of two special bequests is at issue in this appeal. Also at issue is the recognition of Mrs. Duhon’s one-half interest in property at Holly Beach, Louisiana.
The decedent made the following bequests:
“I give and bequeath to my brother, George J. Duhon, all of my interest (being an undivided one-half (½) interest) in the business known as Duhon Brothers Oil Company, plus one hundred (100) acres of land.”
“I give to my wife, Monique Landry, the lots, buildings, improvements, and furniture where we are presently living, known as 102 West St. Paul Street, together with my lots and camp at Holly Beach, Louisiana, and one hundred (100) acres of land.”
“All of the rest of my property, of whatever nature and kind, both movable and immovable, real and personal, I give to my son, Daniel P. Duhon.” (emphasis added)
Daniel Duhon, the appellant, is challenging the validity of the legacies to Monique Landry and George Duhon based upon the failure of the testator to specify *216 from which tract of land these legacies were to be satisfied.
The parties to this appeal have cited the cases of Succession of Johnson v. Williams, 387 So.2d 1378 (La.App.2d Cir.1980) and Succession of Mulqueeny, 248 La. 659, 181 So.2d 384 (1965), as authority for their respective positions. These cases recognize the rules of construction by which the courts are guided in its interpretations of last wills and testaments. Factually, both Succession of Johnson, supra., and Succession of Mulqueeny, supra., involve situations wherein the estate of the testator was not sufficient to satisfy all legacies; therefore, they are not applicable to the facts in the instant appeal.
At the time of his death, Willie Duhon owned over 450 acres of land. This acreage was broken up among the following parcels of land:
404 acres
27.5252 acres
19.4350 acres
0.846 acres (1 arpent)
½ interest in 0.239 acres
½ interest in 3.39 acres
½ interest in 0.14 acres
TOTAL 453.6852 acres
Obviously, there is sufficient property in the estate of the decedent to satisfy the special bequests to Monique Landry and George Duhon.
In interpreting a will, the courts in Louisiana are guided by Civil Code articles 1712 thru 1723. Basically, these articles provide that the courts must ascertain the intent of the testator and, as far as can be done legally, the intention of the testator must be given effect. LSA C.C. 1712, 1713[1]. After reading the will of Willie Duhon, it is obvious he intended the bequest of “one hundred (100) acres of land” to his brother, George J. Duhon and the bequest of “one hundred (100) acres of land” to his wife, Monique Landry be taken from the 404 acre tract of land and not from the smaller tracts of land. Such an interpretation not only follows the intent of the testator but also effectuates these dispositions.
Appellant, Daniel Duhon, also assigns as error the recognition of Monique Landry’s one-half interest in Lots 30, 31, 32, and 33 of Block 5, Unit 3, Holly Beach, Cameron Parish, Louisiana. At a March 4, 1985 hearing, the parties to this suit, through their counsel, entered into a stipulation that the lots at Holly Beach were acquired by the testator subsequent to the date of his will.
Later, at the April 8, 1985 hearing on the Partial Judgment of Possession, the court questioned the parties about the Holly Beach property. The court was informed by the attorneys that Monique Landry owned several lots at Holly Beach before she married Willie Duhon and they are her separate property. The lots at issue, lots 30, 31, 32, and 33, were acquired after the testator wrote his will. Again, the parties acknowledged their prior stipulation on this matter.
Therefore, as provided by Civil Code article 1637, the disposition of these lots is not governed by Willie Duhon’s testament. Rather, Lots 30, 31, 32, and 33 are to be disposed of according to the rules of intestate successions. C.C. art. 880. The court correctly recognized that Daniel Duhon, the son of the decedent, would receive a one-half interest in this community property and Monique Landry, the surviving spouse, would receive the other one-half interest. There is no merit to this assignment of error.
Therefore, the judgment of the district court is amended as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that MONIQUE LANDRY, GEORGE J. DU-HON, and DANIEL P. DUHON, be recognized as particular legatees in the Last Will and Testament of the Decedent, en *217 titled as such to be recognized as owners, and sent into possession, in the proportions hereinafter indicated, of the following described property, to-wit:
1. Unto MONIQUE LANDRY, an undivided 100 acres in and to the property described in paragraph A below:
2. Unto GEORGE J. DUHON, an undivided 100 acres in and to the property described in paragraph A below:
3. Unto DANIEL P. DUHON, all of the property described below, subject to the two (2) special bequests of 100 acres each as stated above:
“A. That certain tract or parcel of land lying partly in Section 6, and Section 7, Township 13 South, Range 2 East, and partly in Section 1 and Section 12, Township 13 South, Range 1 East, Vermilion Parish, Louisiana, and bounded, now or formerly as follows: North by other property or Willie Du-hon purchased from a canal company; on the East by middle of Isle Marrone Canal; on the East by middle of Isle Marrone Canal; on the South by P.R. Langlinais, et al and W.P. Edwards; and on the West by Edmar Lormand and Andrew Bertrand, and containing 404 acres, more or less; Being the same property acquired by Cash Deed dated January 12, 1944, as recorded in Book 169, Page 278, under Entry #80483 and by Sale dated November 13, 1952, as recorded in Book 239, Page 71, under Entry # 112118, Conveyance Records of Vermilion Parish, Louisiana.”
As amended, the judgment of the district court is affirmed. Costs of this appeal to be paid by the appellant.
AFFIRMED AS AMENDED.
FORET, J., concurs in the result.

. LSA C.C. art. 1712:
In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.
LSA C.C. art. 1713:
A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.