569 So.2d 665 (1990)
SUCCESSION OF CAUSEY, Appellee,
v.
Eugene S. CAUSEY, Appellant.
No. 21,892-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
*666 Dennis G. Stewart, Delhi, for appellant.
S.E. Lee, Jr., Winnsboro, for appellee.
Before MARVIN and HIGHTOWER, JJ., and LOWE, J. Pro Tem.
HIGHTOWER, Judge.
Eugene S. Causey appeals a judgment ordering him to collate the sum of $3,250, as provided in his mother's last will and testament. Appellees answer, seeking to increase the collation by $1,000. Finding the record supports the trial court's disposition, we affirm.

FACTS
Lora R. Causey executed a last will and testament, in statutory form, on May 27, 1986. That document contained, in pertinent part, the following language:
I direct that my son Eugene Causey collate any funds advanced to him by me or my late husband and that he may owe my estate at the time of my death. The amount due my estate is hereby fixed in the amount of $3,250.00.
It also named another son as executor, and bequeathed the entirety of the estate to the four children in equal portions.
Both briefs reflect that Mrs. Causey and C.T. Causey, Sr. were married for many years and had four children. According to a narrative of facts in the record, the executor testified that his father, in the early seventies, gave appellant $5,000 in cash and a vehicle worth $1,500, both being advances on inheritance.[1] Later, apparently after the father's death, Mrs. Causey supposedly gave appellant an additional $1,000 as a similar advance.[2]
Mrs. Causey died on March 13, 1989. After succession proceedings were initiated, *667 the court ordered the testament executed and confirmed the designated son as executor.
In late 1989, the testamentary executor filed a final account setting forth $4,200 as due the estate in collation from appellant, who then registered his opposition. After a hearing on rule, the trial judge ordered appellant to collate $3,250, and pay costs. This appeal ensued.

DISCUSSION
Issue 1: Is Collation of $3,250 Due?
Appellant's opposition relies upon LSA-C.C. Art. 1244, providing that certain expenses for board, support, and education are not subject to collation, and, alternatively, upon LSA-C.C. Art. 1245, likewise exempting manual gifts. It is asserted that these articles preclude collation, even though such may be the intent of a deceased as conveyed by last will and testament. Appellant's position is not well founded, however, in that the advances involved fall outside the scope of the two provisions.
The law contemplates, and presumes that an ascendant intends, perfect equality among heirs. From their inception, the rules of actual collation have existed to maintain and effectuate this equality, only permitting dispensation from collation when that intention is clearly expressed by the ascendant as provided by LSA-C.C. Arts. 1231-33. Succession of Fakier, 541 So.2d 1372 (La.1988); Succession of Gomez (Gomez I), 223 La. 859, 67 So.2d 156 (1953); Succession of Pierson, 339 So.2d 1337 (La. App. 3rd Cir.1976), writ refused, 342 So.2d 216 (La.1977). Thus, inter vivos donations made by an ascendant to his descendants are recaptured by the succession and divided equally. Fakier, supra.
However, the law also exempts certain things from collation in LSA-C.C. Arts. 1244 and 1245. These contain the following language:
Art. 1244. Expenditures Not Subject to Collation
Neither the expenses of board, support, education and apprenticeship are subject to collation, nor are marriage presents which do not exceed the disposable portion.
Art. 1245. Manual Gifts
The same rule is established with respect to things given by a father, mother or other ascendant, by their own hands, to one of their children for his pleasure or other use.
Because the two articles may operate to destroy equality, only those items falling squarely within their scope should be exempted. Gomez I, supra.
Expenses for the support, maintenance, and education of children, by their very nature, are not donations, they are obligations of the parent. Gomez I, supra. Furthermore, the exemption provided in that regard by LSA-C.C. Art. 1244 appears to be coextensive with a parent's obligation to support, maintain, and educate his children. See LSA-C.C. Arts. 224, 227, 230, and LSA-R.S. 9:309.
Stated differently, that given to satisfy an obligation on the part of a parent cannot, at the same time, be recaptured by his estate upon death. Hence, the limitations upon the parental duty also establish the parameters of the reciprocal exemption found in LSA-C.C. Art. 1244. Thus, just as the legal obligation to support, maintain, and educate ceases upon majority, save the alimentary obligation for necessitous circumstances, so too does the corresponding dispensation from collation.[3]
As previously set forth, the advance from the father occurred in the early seventies. The narrative of facts indicates appellant being 44 years of age at the hearing on the opposition held on December 18, 1989. Thus, even in 1970, a disbursement would have occurred during appellant's majority and outside the scope of *668 LSA-C.C. Art. 1244. Considering the earliest possible date of the transaction between father and son, then, the article does not operate to forbid collation.
Nor does LSA-C.C. Art. 1245, as alternatively argued, exclude collation. Both Fakier, supra, and Gomez I, supra, upon examining the article's history, purpose and scope, concluded that its provisions refer to only things a parent usually gives a child without thought of his having to account to co-heirs.
In the present case, the gift involved is neither a small, whimsical amount, nor an item of that nature. Indeed, testimony from the executor, that the father clearly did not consider the advance customary, bolsters such a conclusion. Additionally, it can be said that including express instructions to collate the amount, as was done by the testatrix, further indicates the non-customary nature of the disbursement. Thus, considering the operative parameters of the article, and circumstances pointing to the non-customary nature of the gift, LSA-C.C. Art. 1245 does not operate to preclude collation.
Obviously, the testatrix's intention was not to favor any of her children to the prejudice of another. That is why she requested that the $3,250 amount at issue be brought back into the succession and divided equally among her descendents. That wish is expressed in language that is clear and concise, and no other interpretation can be, or should be, considered. LSA-C.C. Art. 1712. See also Carter v. Succession of Carter, 332 So.2d 439 (La.1976); Succession of Johnson v. Williams, 387 So.2d 1378 (La.App. 2d Cir.1980).
Thus, after considering the testimony, as set forth in the narrative of facts, and the applicable statutory law and jurisprudence, we conclude that the trial court correctly ordered appellant to collate the sum of $3,250.

Issue 2: Is Collation of an Additional $1,000 Due?
The law provides a well-established presumption in favor of collation, and demands that it take place in every instance where it is not expressly forbidden. LSA-C.C. Art. 1230; Fakier, supra. However, equally established is the rule that a trial court's finding of fact may not be set aside on appeal in the absence of manifest error or clear wrongness, and where there is conflict in the testimony, reasonable inferences of fact should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir.1979), writ denied, 374 So.2d 660 (La.1979); American Fidelity Ins. Co. v. Atkison, 420 So.2d 691 (La. App. 2d Cir.1982). If a trial court's findings are reasonable in light of the entire record, this court cannot reverse, and a factfinder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
With only a narrative of facts available for review, we cannot say the district court was clearly wrong in denying appellees' request for collation of the additional $1,000. The trial judge clearly stood in the better position to evaluate the credibility and demeanor of the witnesses, and his determination should be given great weight. Thus, even considering the presumption in favor of requiring collation, it cannot be said that manifest error occurred.

Issue 3: Are Court Costs Correctly Allocated?
Appellant also contends that the trial court committed error in assessing against him all costs of the hearing on his opposition to the final accounting. Such a determination is incorrect, it is asserted, because the trial judge found $3,250 due the estate, not $4,250 as requested by the executor.
Although the general rule is that costs are to be paid by the party cast in judgment, the assessment of costs lies within the discretion of the trial court and, absent an abuse of discretion, reversal is not justified. LSA-C.C.P. Art. 1920; Free v. Franklin Guest Home, Inc., 463 So.2d 865 (La.App. 2d Cir.1985), writ denied, 467 So.2d 535, 536 (La.1985); Johnson v. Hendrix *669 Manufacturing Co., Inc., 475 So.2d 103 (La.App. 2d Cir.1985).
In this case, the decision to tax the costs of court to appellant, whose actions necessitated the hearing, and whose request was substantially denied, cannot be deemed an abuse of discretion merely because a lesser amount was awarded the estate. In Free, supra, this court faced a similar contention, that because plaintiffs were successful on only one of their asserted claims, costs were incorrectly cast against defendants. We determined there, as we do here, that no abuse of discretion occurred and that the trial judge's decision should be affirmed.

CONCLUSION
The judgment of the trial court ordering appellant, Eugene S. Causey, to collate $3,250 to the estate of Lora R. Causey, and casting him with costs of the litigation, is affirmed. All costs incurred in this appeal are likewise taxed against appellant.
AFFIRMED.
NOTES
[1] These advances, given by the father, are not owed in their entirety to decedent's estate; as community property, only one-half would be due. Berthelot v. Fitch, 45 La.Ann. 346 [389], 12 So. 625 (1893); Ballio v. Ballio [Baillio v. Baillio], 5 Mart. (N.S.) 228 (La.1826).
[2] If the de cujus advanced the remaining $1,000 after the death of her husband, that entire amount, if any, would be available for collation.
[3] LSA-C.C. Art. 227 relates to minor children only; Tolley v. Karcher, 196 La. 685, 200 So. 4 (1941), and has been cited consistently in child support litigation. Distinguishable is the alimentary obligation found in LSA-C.C. Art. 229, which lasts throughout life, but can be invoked only under necessitous circumstances.