IüFITZSIMMONS, Judge.
Appellants, Karen Hornsby Kirkwood and O.G. Welch, individually and as co-executors of the Succession of Stanley E. Hornsby, appealed the trial court’s grant of motions for summary judgment. Appellant, Karen Kirkwood, is one of the seven children of the deceased, Mr. Stanley E. Hornsby.[1] Mr. Hornsby’s other six children are Donna Clare Hornsby Quin, Steven Hornsby, William Dale Hornsby, Cheryl Hornsby Harris, Michael Hornsby, and Ronald Hornsby (the six). The trial court found that the testator, Mr. Stanley Hornsby, failed in his attempt to disinherit the six children named above. We reverse and remand.
The various motions for summary judgment argued that the will failed to meet the requirements of Civil Code article 1619 for disinhersion of forced heirs. Memoranda were filed in support and in opposition to the motions. The matter was submitted on the written memoranda and taken under advisement by the trial court.
On December 9, 1994, the trial court rendered a judgment granting the motions for summary judgment. The judgment was signed on March 22, 1995. In written reasons for judgment, the trial court found that the will executed by Mr. Hornsby failed to name the children to be disinherited and did not specify just cause; both requirements of Civil Code article 1619. We disagree.
Mr. Hornsby named all of his children in paragraph two of the statutory will. Paragraph eighteen of the will contained the following provision:
... all of those children, except for my daughter, Karen Hornsby Kirkwood, I hereby disinherit each and every other one of them, as they have not seen fit to contact or communicate with me for a period of two (2) years, each being of age of majority and each knowing how to contact me. I hereby invoke the provisions of Article 1621(12) of the Louisiana Civil Code in that regard and leave those such children nothing from my estate.
In interpreting the will, the mandate of the court is to determine the intent of the testator. La.C.C. art. 1712.
IgThis intention must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will *356 permit. No part of a will should be rejected, except what the law makes it necessary to reject. Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator’s intention, the court will carry out the intention of the testator.
Carter v. Succession of Carter, 332 So.2d 439, 441 (La.1976), quoting Succession of La Barre, 179 La. 45, 153 So. 15, 16 (1934).
Disinhersion is covered in Book Three of the Louisiana Civil Code, in articles 1617-1624. Civil Code article 1619 requires the “disinhersion must be made by name and expressly, and for a just cause, otherwise it is null.” See also La.C.C. art. 1624. Article 1619 does not require that the child be named in the same paragraph in which the cause for disinhersion is given. It does not require the insertion of magic words, such as “just cause.” The object of the law is that the child to be disinherited and the cause for disinhersion not be left in doubt. See Stephens v. Duckett, 111 La. 979, 36 So. 89, 90 (1904); Succession of Cure, 633 So.2d 590, 592-95 (La.App. 1st Cir.1993).
After a reading of the entire will, we find that the testator complied with Civil Code article 1619. The testator expressly named his children and identified the ones he wanted to disinherit; all except Karen Hornsby Kirkwood. The cause for disinhersion is specifically identified as failure to communicate. The exact code article is referenced, article 1621(12). We find no basis for a claim that the testator’s intention is ambiguous or that the cause of the disinhersion, or the names of the children to be disinherited, are in doubt.
Because the testator complied with Civil Code article 1619, the trial court’s grant of summary judgment was erroneous. For these reasons, we reverse the grant of the summary judgment in favor of the six children and remand to the trial court for further proceedings consistent with this opinion.
We note that the six children also claimed in various |4pleadings that they either had good reasons not to communicate, or, in fact, had communicated with their father within two years of the dates in question. These allegations are genuine issues of material fact, not issues properly decided by summary judgment. If the six children can show sufficient communication or “just cause” for the failure to communicate, as allowed by Civil Code article 1621(12), the attempt at disinhersion will fail. The burden of proof is on the forced heirs seeking to void the disinhersion. La.C.C. art. 1624; Succession of Cure, 633 So.2d 590, 592-95 (La.App. 1st Cir.1993); Succession of Bertaut, 572 So.2d 142, 145-46 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1111 (La.1991).
The costs of the appeal are assessed equally to the appellees.
REVERSED AND REMANDED.

. Mr. Hornsby died April 21, 1993. Thus, the change in the definition of forced heir contained in Civil Code article 1493 does not apply to this case. See La.R.S. 9:2501(A) & (B).