886 So.2d 633 (2004)
SUCCESSION OF Annie Ruth Conley Cole BROWN.
Connie Daniel Cole, Plaintiff-Appellant
v.
Maud C. Osborne and Karl L. Cole, Defendants-Appellees.
No. 39,035-CA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 2004.
Rehearing Denied December 9, 2004.
*634 Connie Daniel Cole, In Proper Person.
Cliffe Charles Laborde, III, Baton Rouge, for Appellees.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
LOLLEY, J.
In this contested will case, Connie Daniel Cole ("Connie") appeals a judgment in the First Judicial District Court, Parish of Caddo, Louisiana, which refused to invalidate the last will and testament of Annie Ruth Conley Cole Brown ("Brown"). For the following reasons, we affirm.

FACTS
Brown executed her last will and testament (the "will") on August 18, 1999 and died on September 7, 1999. In the will, Brown identified the following children as having been born of her marriage to Connie Dan Cole: Maud Osborne ("Maud"), Connie, Karl Cole ("Karl"), and Jason Cole ("Jason"). In the will, she further stated that no other children had been born to her and that she had not adopted anyone; however, it is undisputed that Jason was adopted. Brown's will made specific bequests of immovable property to Jason and Connie, with the remainder of Brown's property going to Maud and Karl.
In June 2000, Maud and Karl attempted to have the will executed and to have a judgment of possession entered. However, Connie refused to either accept or renounce his legacy, and over the next several years he was involved in a dispute with the other legatees over Brown's succession. In January 2004, Karl, as executor of the succession, filed a rule to compel Connie to either accept or renounce his legacy, to compel assertion or dismissal of claims, and to compel relinquishment of certain succession property. Subsequently, the trial court held a hearing on the rule at which Connie appeared in proper person. Connie pointed out that Jason, contrary to the provisions of the will, was adopted, and he questioned whether the *635 error in the will could be evidence that Brown "could have not really known exactly what she was doing." He also pointed out that Jason's birth date in the will had been manually changed from 1974 to 1973, and that Brown had erroneously signed her name as "Annie R.R. Brown" in one instance in the will.
Opposing counsel pointed out that the will was in valid notarial form and that the introductory clause concerning the information on the children born of the marriage was "biographical information" that was not a necessary component of the will. Although opposing counsel recognized the somewhat "awkward state" he was in as the lawyer before whom the will was executed, he recalled that the changed birth date for Jason was made by the testatrix who, after reviewing the will, recognized that Jason was born in 1973 instead of 1974. It was acknowledged that Jason was an adopted child, but argued that the contrary statement was in a portion of the will that did not go to its validity. Finally, the additional "R" in Brown's signature was acknowledged, but it was argued that the additional initial also did not go to the validity of the will.
After listening to what the trial court referred to as Mr. Cole's "testimony," the trial court stated that the will was self-proving and that the evidence presented was insufficient to successfully challenge the will. The trial court specifically noted that Brown seemed to have the presence of mind to correct a birth date. The trial court then required Connie to either accept or renounce his legacy. Connie accepted the legacy, but indicated that he wished to appeal the judgment, and this appeal ensued.[1]

DISCUSSION
On appeal, Connie argues that the will should have been invalidated because of the error concerning Jason who, contrary to the will's introductory clause, was not a child born of the marriage, but was an adopted child. Connie argues that Brown's signing a testament "with the incorrect number and relationship to the parties suggests an abnormality or disordered reason or insanity...."
Initially, we note that the error concerning Jason is not, by itself, the kind of error that would invalidate a will. Brown obviously intended, through her will, to make a donation mortis causa by which she would dispose of all of her property. Brown had four children, one of whom was adopted, and she logically elected to divide her property among those children. She did so through a testament, properly executed, in a form authorized by law. Accordingly, the only way the erroneous statement in the introductory clause of the will could invalidate it would be if the statement constituted clear and convincing evidence that Brown lacked testamentary capacity.
All persons have capacity to make and receive donations mortis causa, except as expressly provided by law. La. C.C. art. 1470; In re Succession of Miller, 35,244 (La.App.2d Cir.12/07/01), 803 So.2d 1021, writ denied, XXXX-XXXX (La.04/26/02), 814 So.2d 560. To have capacity to make a donation mortis causa, a person must be able to comprehend generally the nature and consequences of the disposition that he is making. La. C.C. art. 1477. There is a presumption in favor of mental capacity and a party alleging *636 lack of capacity must overcome the presumption by clear and convincing evidence. Succession of Dodson, 27,969 (La.App.2d Cir.02/28/96), 669 So.2d 642. In will contest cases, the factual findings of the trial court are given great weight and will not be disturbed on appeal in the absence of manifest error. In re Succession of Davis, 35,217 (La.App.2d Cir.10/31/01), 799 So.2d 1194.
In Succession of Launius, 503 So.2d 682 (La.App. 3d Cir.1987), writ denied, 505 So.2d 62 (La.04/23/87), a testator's daughter sought to annul the testator's last will and testament for lack of testamentary capacity. The appellate court affirmed the trial court's determination that the daughter failed to establish by clear and convincing evidence that the testator lacked capacity even though a psychiatrist, described by the court as the daughter's most favorable witness, had stated that the testament showed signs of unsoundness of mind. The psychiatrist noted that the will referred to the testator's sister as his "next of kin," but that most people would consider their only child to be their nearest of kin. The psychiatrist indicated this was significant because the testator had carried on extended correspondence with his daughter and had expressed deep affection for her, but had failed to include her in his testament.
In the instant case, Brown included all of her children in her will and, as pointed out by the trial court, had the presence of mind to correct the erroneous birth date given for Jason in the will. Given these factual circumstances, we cannot conclude that the trial court was manifestly erroneous in finding that appellant failed to prove testamentary incapacity by clear and convincing evidence. Instead, we conclude the trial court's decision is quite sound. Accordingly, the judgment of the trial court is affirmed at Connie Daniel Cole's costs.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, PEATROSS, DREW, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] Although the rule before the trial court also included a request for Connie's relinquishment of certain immovable succession property, the trial court did not resolve that matter because counsel for the succession indicated a willingness to have a survey of the property made and to then further consider Connie's position on that matter.