CRAIN, Judge.
This is an appeal of a judgment holding that a testament was a valid will by private act and interpreting disputed language in the will to allow the heirs of a deceased legatee to inherit the legatee’s portion. The defendants appeal only the trial court’s interpretation of the will. The issue of the validity of the testament is not before us.
After a thorough review and evaluation of the record we are in agreement with the judgment and the reasons assigned by the trial judge, the pertinent portions of which we adopt as follows:
[[Image here]]
Plaintiffs are the nieces and nephew of the deceased, Eula Taylor. They are the children of Eula Taylor’s sister, Lillian Adams, who predeceased him. Plaintiffs are seeking to annul the probate of the testament of Eula Taylor and the judgment of possession by which the aunts and uncles of the plaintiffs, named defendants herein, went into possession of the property left them under the terms of their brother’s will. Alternatively plaintiffs claim that if the testament is found to be valid, that under it’s [sic] terms properly interpreted, they would be recognized as testamentary legatees, succeeding to their predeceased mother’s share by representation. The petition to annul probate was transferred by stipulation of the parties to the succession proceedings on the probate docket to proceed simultaneously with this civil action.
[[Image here]]
Having found that the will is in fact the valid testament of the deceased, Eula Taylor, the Court now comes to the issue of whether the plaintiffs are legatees under the terms of the will. The bequest in dispute reads as follows:
I give and bequeath unto my brother and sisters, Moses Taylor, Ruth Taylor Thomas, Lillian T. Adams and Anita Taylor Cooksly, all of my properties real, personal and mixed of which I may die possessed or to the survivor or survivors of them should any of them predecease me.
Plaintiffs claim that a clear reading of the language above results in finding that the testator intended that his brothers and sisters be called to his succession and, should one or more of them predecease him, then their heirs, if any, should be called to his succession as well, that Mr. Taylor intended by the above clause, that a vulgar substitution under Louisiana Civil Code Article 1520 be created.
Defendants claim that Mr. Taylor intended to create a conjoint legacy and that any share of a predeceased legatee would accrete in favor of surviving legatees according to Louisiana Civil Code Article 1707.
[1] The jurisprudence of this state has formulated several fundamental rules for interpretation of wills, one of them being that in the interpretation of wills, the first and natural impression conveyed to the mind on reading the clause involved is entitled to great weight. Succession of LeBarre, [179 La. 45] 153 So 15 (La.1934), Succession of Blaum, [236 La. 1046] 110 So2d 95 (1959).
[2] This Court finds that upon first reading of the clause in dispute, the first and natural meaning perceived is that should any of the legatees predecease the testator, then his survivors, the heirs of the predeceased legatee, would be called by representation to Mr. Taylor’s Succession.
Another important rule cited by plaintiff in brief from Succession of Blaum, supra at page 97 is:
... in case of doubt, that interpretation should be preferred which will approximate closest to the legal order of distribution. This rule flows from the general principle that the law favors the distribution which it itself provides
[[Image here]]
According to the La CC Article 892 and 884 and the rules of intestacy, the legal order of distribution would follow along the lines urged by the plaintiffs: as chil *746 dren of a predeceased sister, they would succeed in concurrence with their uncles and aunts. La CC Article 884.
Additionally, Louisiana Civil Code Article 1713 states:
A disposition must be understood in the sense in which it can have affect rather than that in which it can have none.
As plaintiffs point out in brief, absent the survivorship clause in the testament, accretion would take place by operation of law as the disposition absent the sur-vivorship clause, creates a conjoint legacy. Construing the survivorship clause in the way defendants suggest would be to construe it in such a way as to preclude giving it legal effect in contravention of Louisiana Civil Code Article 1713. This court finds that if the testator intended that accretion take place in favor of named legatees, then the survivorship clause would not have been included in the bequest.
[[Image here]]
The judgment of the trial Court is affirmed at appellants’ costs.
AFFIRMED.