JiCIACCIO, Judge.
This appeal arises from an action for declaratory judgment brought by the testamentary executor of a succession seeking an interpretation of an olographic will. Following a judgment of the trial court, the executor and one of the legatees named in the will appealed the trial court’s interpretation of a provision of the will. We affirm.
Fred J. Hagelberger died on August 31, 1994. It was undisputed that Mr. Hagelber-ger was never married and had no children, and that his parents predeceased him. He left an olographic will which was dated February 20, 1972. On November 9, 1994, the testamentary executor named in the will, Mr. Lloyd Blanke, Jr., filed a petition and order for probate of the olographic testament. On August 8, 1995, the executor filed a Petition for Declaratory Judgment seeking an interpretation of the following section of the olo-graphic testament:
After all bills and expenses are paid in full I want to will from my estate to the following ones listed. In the event there is not enough cash in my estate at the time of my death to fulfill the will as I requested, I want the amount of cash that is short equally deducted from all in my will so that each will receive as close to the amount willed them. With the exception of Salem United Church of Christ, It is to get the full $5,000.00 cash.
If there is cash left over after the will has been completely executed and no deductions were necessary to fulfill the overall cash to be equally divided between my heirs.
[ 2Following these provisions, the testament then lists Salem United Church of Christ to receive the sum of $5,000.00 for a memorial to the testator and his deceased parents and sister. The testament then lists the executor and his wife, Mr. and Mrs. Lloyd Blanke, Jr., to receive the particular sum of $5,000.00. The testament then contains a list of other relatives and friends, each of whom are to receive particular legacies in varying amounts.
The controversy in this case arises from the final provision of the above-quoted portion of the will which provides that any cash left over after the various specific bequests have been made should be “equally divided between my heirs.” Specifically, the parties dispute the meaning of the terms “heirs” in the will.
Alvin Pittman, the administrator of the estate of Emelda Pons, who was one of those listed in the will, but hot one of the testator’s relatives, argues that the term “heirs” in the will means the persons listed in the will, i.e., the legatees. Lorraine Frederic Genovese, the testator’s first cousin who was not listed as a particular legatee in the will, argues that the term “heirs” in the will means those who would inherit by operation of law, i.e., the decedent’s legal heirs. Finally, the executor, Lloyd Blanke, Jr., the testator’s second cousin who was also listed as a particular legatee in the will, argues that the term “heirs” in the will means those persons who are both listed in the will and who are relatives of the decedent.
The matter was originally heard in the trial court by a judge ad hoc, who determined that the term “heirs” in the will was ambiguous. The term “heirs” as used in the will was interpreted by the court to mean those persons listed in the will, i.e., the legatees. Declaratory judgment was rendered accordingly. Thereafter, Lorraine Frederic Geneovese and Lloyd Blanke, Jr. filed mo-tionsjjjfor new trial arguing that the trial court’s interpretation of the terms of the will was contrary to law.
The trial court on regular sitting granted the motions for new trial, and, after a hearing, concluded that there was no ambiguity in the terms of the will. The trial court held that “heirs” are not the legatees, but are the persons called by law to inherit under the *228 circumstances of the succession. The trial court did not rule on which persons were deemed to be the heirs of the decedent.
Lloyd Blanke, Jr. brought a suspensive appeal from this judgment. Blanke contends that that the trial court erred in finding no ambiguity in the terms of the will. Further, Blanke contends that the ruling of the trial court does not serve the intentions of the testator to include some of his relatives in his will and to leave others out of the will. Finally, Blanke contends that the trial court erred in failing to address the issue of “kinship,” i.e., which of decedent’s cousins will share in the residuary estate.
Alvin Pittman, the executor of the estate of Elmelda Pons, brought a devolutive appeal. Pittman contends that the trial court erred in granting the motion for new trial, and the terms of the will should have been interpreted to provide that the decedent meant testamentary legatee when he used the term “heirs” in disbursing the residuary in the will.
When interpreting testaments, this Court must attempt to ascertain and carry out the intention of the testator. LSA-C.C. Art. 1712. Rules of interpretation are only means to achieve the end of determining the testator’s intent. If the language of the will is unambiguous on its face, such language will be considered the intention of the testator. Succession of Meeks, 609 So.2d 1035 (La.App.2nd Cir.1992).
Applying these principles of interpretation to the testament before us, wej^do not find the disputed provision to be ambiguous. As stated by the trial court, the term heirs when given its usual and ordinary meaning are those persons called by law to inherit under the terms of the succession. We have reviewed the testament in its entirety, and conclude that the trial court’s interpretation of the disputed provision is correct.
Although appellants contend that the interpretation by the trial court thwarts the intentions of the testator, we find this contention to be without merit. Appellants contend that by the term “heirs,” the testator actually meant the legatees named in the will. However, the testator did not use the term “legatee” or even more general lay terms, such as those persons listed in the will. Rather, the testator specifically set forth as “the following ones listed” the names of those persons the testator wished to receive particular legacies. This list included both friends, neighbors and relatives. Although the list did not contain all of the testator’s relatives, there are no provisions in the will which specifically exclude such relatives from the terms of the will. In dealing with the residual portion of his estate, the testator did not include any language in the testament which would limit the residuary to the particular legatees or those persons previously named in the will. We find that by stating that the residual portion of his estate to go to his “heirs,” the testator intended to provide for his legal heirs, or those persons called by law to inherit under the circumstances of this succession. The identity of those heirs is not before us at this time, and we will therefore not address that issue.
Accordingly, for the reasons assigned herein, the judgment of the trial court is affirmed. Each party is to bear its own costs of this appeal.

AFFIRMED.