# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-1227

## SUCCESSION OF MICHAEL LANE DELCAMBRE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 78396
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.

**AFFIRMED.**

**Bernard F. Duhon**
**Post Office Drawer 1169**
**Abbeville, LA 70511-1169**
**(337) 893-5066**
**COUNSEL FOR EXECUTRIX FOR THE ESTATE OF**
**MICHAEL LANE DELCAMBRE:**
  **Jill Menard Romero**

**Michael J. Herpin**
**Funderburk & Herpin**
**Post Office Drawer 1030**
**Abbeville, LA 70511-1030**
**(337) 893-8140**
**COUNSEL FOR APPELLANTS:**
  **Daniel Menard**
  **Dominic Menard**
  **Jenny Menard**
  **Jill Menard Romero**
  **Kevin Broussard**
  **Darlene Vice**

**David M. Kaufman**
**Post Office Box 4604**
**Lafayette, LA 70502-4604**
**(337) 231-5150**
**COUNSEL FOR APPELLEES:**
  **Max Thibodeaux**
  **Brandon Thibodeaux**

AMY, Judge.

Two of the heirs to the decedent's succession filed a petition for declaratory judgment, seeking to be put into possession of the property they contend they are entitled to under the terms of the will at issue. The remaining legatees contested the plaintiffs' arguments, asserting that the terms of the will are ambiguous as to whether the "property" left to the petitioners included both movable and immovable property. The trial court granted the petition, finding the terms of the will unambiguous. The defendants appeal. For the following reasons, we affirm.

**Factual and Procedural Background**

The sole issue before the court is whether the terms of the will of the decedent, Michael Lane Delcambre, are unambiguous. The record indicates that Mr. Delcambre died in June 2002, leaving a statutory will dated November 4, 1996. Having no children nor a spouse, Mr. Delcambre designated Dominic Menard, Daniel Menard, Jenny Menard, Jill Menard Romero, Kevin Broussard, Darlene Vice, Max Thibodeaux, and Brandon Thibodeaux as legatees. Jill Menard Romero was named as the executrix of the succession.

The succession was opened in August 2002. Ms. Romero was confirmed as the succession's executrix. Subsequently, in November 2002, Brandon Kyle Thibodeaux and Max Thibodeaux filed a Petition for Declaratory Judgment, naming Ms. Romero as the executor and the remaining legatees as defendants. The plaintiffs sought a declaration recognizing them as legatees of the decedent, recognizing their entitlement to property left to them by the decedent in his will, and a declaration as to what property was inherited by them. The remaining legatees contested the plaintiffs' assertions, arguing that the will's provisions were ambiguous and that extrinsic evidence needed to be received by the court to decipher whether a provision

of the will intended for the plaintiffs to receive immovable property alone or whether the use of the term "property" included both immovable and movable property.

The trial court found in favor of the plaintiffs, concluding that the will's provision was unambiguous.[1] Accordingly, the judgment recognized the plaintiffs as legatees and declared them entitled to receive property, including certain "movable property and immovable property, whether corporeal or incorporeal[.]" The judgment further stated that: "it was the intention of the testator, Michael Lane Delcambre, that MAX THIBODEAUX receive the sum of ONE HUNDRED FIFTY FOUR THOUSAND SEVEN HUNDRED FORTY-SEVEN AND 74/100 ($154,747.74) DOLLARS, from the estate of Michael Lane Delcambre, which amount represents the sum of cash Michael Lane Delcambre inherited from his parents, Rena Thibodeaux Delcambre and Lawrence Delcambre."

---

[1] In considering the above portion of the will, the trial court found as follows:

Article 1611 of the Civil Code says that "if the language of the testament is clear, its letter is not to be disregarded under - - under the pretext of pursuing its spirit." And the many cases that interpret that particular provision of the Civil Code say that when the - - when the testament is unambiguous, the Court may not inquire into the intent of the testator. Section 2.1 of the succession of the will, I should say, of Michael Delcambre is clear and unambiguous. It bequeaths (reading) to Max Thibodeaux all of the property inherited by me from my mother and father, Rena Thibodeaux Delcambre and Lawrence Joseph Delcambre, in that succession under Docket No. 9160049, save and except, Items 1,2 and 3 bequeathed below. And those items are bequeathed in Section 2.2. 2.1 is clear and unambiguous; all of the property means all of the property. The bequest even tells you where to find all of the property and that is in that succession file. He makes a bequest of immovable property only in Article 2.2 of the testament and qualifies that bequest by saying that he leaves immovable property to certain particular legatees and those are Items 1, 2 and 3.

The Court is not permitted by the Code inquire further into the intent of the testator, the terms of the testament being clear and ambiguous. I don't find any ambiguity in the bequest as it relates to the bequest of accounts versus - - versus money. The money that existed at the time of the deaths of Lawrence and Rena Delcambre is ascertainable by reference to their succession file, which shows the bank balances that existed at the time each of them died. I can't - - I've not seen any authority for the proposition that a legacy can lapse because an account number changed or couldn't be found after the death. The only reasonable interpretation of that particular provision is is that the money that he inherited from his parents he bequeaths to Max Thibodeaux.

2

Defendants Daniel Menard, Dominic Menard, Jenny Menard, Jill Menard, Kevin Broussard, and Darlene Vice appeal, assigning the following as error:

I.      The [District] Court erred in concluding that the Last Will and Testament of the Decedent, Michael Lane Delcambre[,] is unambiguous.

II.     The [District] Court erred in refusing to admit testimony from the draftsman of the Last Will and Testament of the Decedent on the issue of ambiguity of the will.

III.    The District Court erred in failing to allow testimony regarding which property was inherited by Decedent from the Succession of Lawrence Joseph Delcambre and Rena Thibodeaux Delcambre.

## Discussion

*Ambiguity of Terms*

This case involves the issue of whether the terms of the decedent's will are ambiguous and, thereby, permitting the consideration of extrinsic evidence as to intent. The relevant portions of the decedent's will are as follows:

### II.  SPECIAL AND FRACTIONAL BEQUESTS

2.1     I leave and bequeath to Max Thibodeaux all of the property inherited by me from my mother and father, Rena Thibodeaux Delcambre and Lawrence Joseph Delcambre in that Succession under Docket No. 91-60049. Save and except items 1, 2 and 3 bequeathed below.

2.2     I leave all remaining immovable property to Dominic Menard, Daniel Menard, Jenny Menard, Jill Menard Romero, Kevin Broussard and Darlene Vice, in a per stirpes fashion, such property such property [sic] including Items 1, 2 and 3 of the Succession of Rena Thibodeaux Delcambre and Lawrence Joseph Delcambre.

2.3     All of the movable property inherited by me from the Thibodeaux family, I leave to Max Thibodeaux and Brandon Thibodeaux.

The defendants assert that the use of the term "property" in Section 2.1 is rendered ambiguous by the subsequent paragraphs, in that the following section, Section 2.2, refers to "remaining immovable property." Read together, the defendants contend,

3

it becomes unclear whether Section 2.1 includes both immovable or movable property. Furthermore, the defendants assert that the term "property" generally means immovable property to a layman.

Central to consideration of the issue is Louisiana Civil Code Article 1611, which provides:

**Art. 1611.   Intent of the testator controls**

A.      The intent of the testator controls the interpretation of his testament.  If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit.  The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament.  In applying these rules, the court may be aided by any competent evidence.

B.      When a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to ascertain the testator's intent in the interpretation of a legacy or other testamentary provision.

Our review of the language indicates that, indeed, the language is clear and unambiguous.  Simply, the first section references all property of the decedent's parents' succession, except for three specific pieces of property.  No limiting language such as "movable" or "immovable" is included.  The second section specifically references immovable property and specifically includes the three items excluded from Section 2.1.  Finally, Section 2.3 also uses a specific classification of property, notably "movable property inherited by me from the Thibodeaux family[.]"  This language is unambiguous.  If Section 2.1 intended something other than all property, including both movable and immovable, the provision could have been drafted in those terms, as Sections 2.2 and 2.3 were.  This argument regarding the intent of the term "property" lacks merit.

Neither do we find merit in the defendants' assertion that the identity of those movables included within Section 2.1 is unclear.  Rather, the Section makes specific

4

reference to the property the decedent received from his parents' succession. The docket number of the succession is included for reference. The accounts and account balances with which the defendants are concerned will be discernable by reference to those documents. As indicated by the terms of Article 1611, extrinsic evidence is not to be considered if the terms of the testament are clear. In this case, the terms are clear.

*Testimony of the Draftsman*

In their next assignment of error, the defendants contend that the trial court erred in failing to accept the testimony of the decedent's attorney as to the decedent's intent at the time the will was drafted. The defendants contend that the decedent's attorney's testimony should have been accepted for consideration as to the issue of ambiguity. Counsel for the defendants explained to the trial court during argument what the drafting attorney would testify to, if permitted to do so.

We find no merit in this assertion. Again, the terms of the testament are clear. According to Article 1611, evidence is only to be referenced in the event that a testament's language is not clear. Here, any question of clarity in the terms of the will only arises when the argument of counsel regarding the purported testimony of the draftsman is considered. Accordingly, the trial court did not err in excluding the testimony.

*Usufructuary Accounting*

In their final assignment of error, the defendants again assert that, even if the court finds that Section 2.1 is unambiguous, the court must be able to identify what was bequeathed from the decedent's parents' succession. In particular, the defendants contest the trial court's inclusion in the judgment that the $154,747.74 determined to be the amount representing the cash the decedent inherited from his parents, "is not to be reduced by any usufructuary accounting identified in the Succession of

5

Lawrence Joseph Delcambre and/or Rena Thibodeaux Delcambre[.]" The defendants contend that extrinsic evidence is required to determine whether the amount of money received by the decedent from his parents' succession was the same as the amount of money included in the accounts included in his parents' bequest. The plaintiffs counter this argument by observing that the decedent was both the creditor and debtor as to his mother's usufruct on the property left to him by his father. In support of this position, the plaintiffs reference the Civil Code article pertaining to confusion, Article 1903.

On review, we find no indication that the amounts urged by the respective arguments would differ. Accordingly, we can discern no error in the trial court's judgment in this regard.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the decision of the trial court is affirmed. All costs of this proceeding are assigned to the appellants, Daniel Menard, Dominic Menard, Jenny Menard, Jill Menard Romero, Darlene Vice, and Kevin Broussard.

**AFFIRMED.**