# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-655 consolidated with 05-656

**SUCCESSION**

**OF**

**ATTWARD JOSEPH SOILEAU**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 34,544 c/w NO. 34,654
HONORABLE B. DEXTER RYLAND, DISTRICT JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese, Judges.

**Cooks, Judge, concurs.**

**REVERSED AND REMANDED.**

**Robert S. Leake
2155 Duncan Drive
Baton Rouge, Louisiana  70802
COUNSEL FOR APPELLANT:**
     Sandra Kay Soileau Leake

**Robert G. Nida
2001 MacArthur Drive
Post Office Box 6118
Alexandria, Louisiana  71307-6118
COUNSEL FOR APPELLANT:**
     Sandra Kay Soileau Leake

**W. Alan Pesnell
400 Travis Street, Suite 1100
Post Office Box 1794
Shreveport, Louisiana  71166-1794
COUNSEL FOR APPELLEE:**
     Sadie Veillon

**Ralph W. Kennedy**
**1215 Texas Avenue**
**Alexandria, Louisiana  71301**
**COUNSEL FOR APPELLEE:**
**Sadie Veillon**

**GENOVESE, Judge.**

This matter involves a dispute over the interpretation of a will. The decedent's only child, Sandra Kay Soileau Leake ("Leake"), is appealing the grant of summary judgment in favor of the decedent's first cousin, Sadie Veillon ("Veillon"). The trial court named Veillon as the succession representative and also found her to be the sole legatee of the decedent, Attward Joseph Soileau ("Soileau"). For the following reasons, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Soileau executed the will in question on May 15, 1990, and died on July 13, 2003. The testament provides, in pertinent part:

I, Attward J. Soileau, a citizen and resident of Rapides Parish, Louisiana, make this my last and testament, revoking all others.

I desire that all of my just debts be paid.

After all of my just debts have been paid, I will, give and bequeath the disposable portion of all of the property of which I die possessed, whether movable or immovable, choate or inchoate, corporeal or incorporeal, both separate and community, to my first cousin, Sadie L. Veillon.

It is my wish that the ownership of all of the remainder of the property of which I die possessed, whether movable or immovable, choate or inchoate, corporeal or incorporeal, both separate and community, pass to my child, namely Sandra K. Soileau Leake, in accordance with the intestate laws of the State of Louisiana.

I hereby expressly provide that in no event will my former wife, Lucille D. Soileau, have any usufruct, provided under the laws of the State of Louisiana, over any of the property.

I appoint George Veillon, as the executor of my estate with full seizin and to serve without bond.

I appoint Ralph W. Kennedy, Attorney at Law, Alexandria, Rapides Parish, Louisiana, as attorney for the executor.

1

In witness whereof, I have signed this my last will and testament in the presence of the witnesses and Notary Public hereinafter named and undersigned.

/s/ Attward J. Soileau
ATTWARD J. SOILEAU (Testator)

SIGNED AND DECLARED by Attward J. Soileau, testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this Fifteenth day of May, One Thousand Nine Hundred Ninety.

/s/ Attward J. Soileau
ATTWARD J. SOILEAU (Testator)

/s/ Martha P. Kennedy
MARTHA P. KENNEDY (Witness)

/s/ Janey L. Safford
JANEY L. SAFFORD (Witness)

/s/ Ralph W. Kennedy
RALPH W. KENNEDY
(Notary Public)

On August 6, 2003, Leake filed a request for notice with the Rapides Parish Clerk of Court's office asking to be notified of the opening of her father's succession. On September 23, 2003, Veillon petitioned the court to appoint a notary to inventory Soileau's safe deposit box. The court appointed Ralph W. Kennedy to perform said inventory.

On December 17, 2003, Leake petitioned the court for appointment as the provisional administratrix of her father's succession. In his will, Soileau had designated George Veillon as his executor, but George Veillon predeceased Soileau. Sandra Veillon opposed the appointment of Leake as the succession representative.

On April 20, 2004, Veillon filed a motion for summary judgment alleging that she was entitled to a judgment as a matter of law declaring: (1) that Leake is not qualified for the position of succession representative of the Soileau estate; (2) that

2

Veillon should be appointed dative executrix of the succession; and (3) that Veillon is the only legatee under Soileau's will.

Leake filed a motion *in limine* on September 17, 2004, requesting the exclusion of certain verbal testimony and the striking from evidence of an affidavit submitted by Veillon in support of her motion for summary judgment. Leake also filed a cross-motion for summary judgment on October 8, 2004, asserting that she was entitled to a judgment declaring "that the provision in the testament, submitted by Veillon for probate, purportedly making a disposition to Veillon, is both superceded and revoked by the subsequent and last written disposition to Leake."

Prior to the hearing on the motion for summary judgment, the trial court heard arguments on Leake's motion *in limine*. By this motion, Leake attempted to prevent the introduction of live testimony from Appellee Sadie Veillon, Jerome Veillon, Martha Louise Kennedy and Ralph Kennedy. Further, Leake also wanted stricken from the summary judgment evidence the affidavit of Ralph Kennedy, which was submitted by Veillon attached to and in support of her motion for summary judgment, on the basis that Mr. Kennedy's affidavit did not contain personal knowledge as to Soileau's testamentary intent. After taking the matter under advisement, the trial court rendered judgment on October 27, 2004, immediately prior to the contradictory hearing on the cross-motions for summary judgment, granting Leake's motion *in limine*. The trial court declared it would "prohibit the use of witnesses and/or affidavits from those witnesses" in the summary judgment proceeding.

Immediately thereafter, the parties proceeded to present their arguments on the issue of the application of the civil code rules and the jurisprudential interpretations of the dispositions in Soileau's will to Veillon and Leake. Veillon argued that the testament limits Leake to the forced portion; therefore, because Leake is not a forced

3

heir by the law in effect on the date of Soileau's death (July 13, 2003), the disposable portion bequeathed to Veillon is the entire estate. Relying on La.Civ.Code art. 1615, Leake argued that Soileau revoked his testament to Veillon in the very next paragraph when he wrote a "contradictory provision" which disposed of the remainder of his property bequeathed to Leake "in accordance with the intestate laws of the State of Louisiana." Leake asserted that this provision, the one written last, entitles her to receive the entirety of Soileau's estate.

The trial court issued its written reasons for judgment on December 1, 2004 as follows: (1) denying Leake's application to be appointed the provisional administrator of the succession; (2) granting Veillon's motion for summary judgment and decreeing her to be the sole legatee under Soileau's will declaring "that she is entitled to the disposable portion of the Succession, which the Court finds to be 100%;" (3) denying Leake's cross-motion for summary judgment; and (4) appointing Veillon as dative executrix of this succession proceeding with no security required. The trial court reasoned that Leake is neither an heir nor a legatee of the estate, that Soileau left the disposable portion of his estate to Veillon, and that Leake receives nothing under Soileau's will since "the disposable portion, where a decedent leaves no forced heirs, is 100%." The trial court, however, specifically stated in its reasons that "the affidavit of Mr. Kennedy (the attorney that originally prepared the will) expressly shows that the intent of the testator was to leave his daughter nothing." Leake appeals the grant of summary judgment in favor of Veillon.

## LAW AND ANALYSIS

### *ASSIGNMENTS OF ERROR*

On appeal, Leake asserts the following assignments of error:

(1)  The trial court commited reversible error by granting Leake's motion *in limine* excluding all evidence but then without notice

to Leake and giving her a hearing at which to present her evidence ignored its ruling and considered evidence only from Veillon that informed the court's decision.

(2)     The trial court committed reversible error by relying in part on incompetent and extrinsic evidence in interpreting a will that both parties agreed was clear.

(3)     The trial court committed reversible error by not considering the entirety of the language of the will in interpreting it.

(4)     The trial court committed reversible error by not applying specific controlling codal articles directing how the court must resolve contradictory and incompatible provisions in the will.

## DISCUSSION

Though Leake alleges four (4) specifications of error for review, the crux of her appeal is the trial court's ruling on the cross-motions for summary judgment. The trial court granted Veillon's motion for summary judgment and denied Leake's motion for summary judgment.

On October 27, 2004, the trial court granted the motion *in limine* excluding testimony and affidavits and also heard the arguments on the cross-motions for summary judgment and took evidence on the parties applications for succession representative. On December 1, 2004, the trial court issued written reasons for judgment granting Veillon's motion for summary judgment, declaring her to be the sole legatee under Soileau's will, and then appointed her as the succession representative.

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131; *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783. The appellate court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

5

issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

We will address the trial court's grant of summary judgment in favor of Veillon first. The trial court erred in relying in part on the affidavit of Kennedy in deciding the motions for summary judgment when the trial court had previously granted the motion *in limine* precluding same. The trial court's ruling on the motion *in limine* was not appealed. The trial court's written reasons clearly establish that the affidavit of Ralph Kennedy was considered to support its conclusion that Soileau's intent was to "leave his daughter nothing." We find that the trial court's grant of summary judgment in favor of Veillon was legal error due to the trial court's obvious use of this evidence in deciding the motion for summary judgment. This court does not pass on the merits of the case involving Soileau's intent, but simply reverses the summary judgment finding that the trial court erred in its rendition of a judgment which purports to determine said intent. Though summary judgments are favored under our law as set forth in La.Code Civ.P. art. 966(A)(2), "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226. Issues pertaining to subjective facts such as intent are usually not appropriate to a summary judgment determination. *Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195; *Belgard v. American Freightways, Inc.*, 99-1067 (La.App. 3 Cir. 12/29/99); 755 So.2d 982, *writ denied*, 00-293 (La. 3/31/00); 756 So.2d 1147.

Due to its evidentiary limitations, summary judgment is not the proper procedural device for the resolution of all legal matters, particularly the resolution of succession matters dealing with disparity in testamentary dispositions and intent of the testator. Though counsel agree on the record that the testator's will was "clear," in truth and in fact, such is not the case herein. For if the will was clear, there would be no appeal regarding interpretation thereof. Considering the facts presented in this case and decedent's will, the legal issue of Soileau's testamentary intent cannot be resolved by the use of summary proceedings and must be resolved at trial on the merits. Further, we find the record reflects the existence of a genuine issue of material fact regarding Soileau's intent which should be the subject of a determination on the merits. This suit is simply not ripe for disposition by summary judgment.

Leake asserts the will is clear, but contains a contradictory provision, and argues that only the application of La.Civ.Code art. 1615 is necessary. Louisiana Civil Code Article 1615 provides:

> When a testament contains contradictory provisions, the one written last prevails. Nonetheless, when the testament contains a legacy of a collection or a group of objects and also a legacy of some or all of the same objects, the legacy of some or all of the objects prevails.

Louisiana Civil Code articles 1611 through 1616 govern interpretation of testaments. When Soileau's succession was opened, Article 1611 provided:

> A. The intent of the testator controls the interpretation of his testament. If the language of the testament is clear, its letter is not to be disregarded under the pretext of pursuing its spirit. The following rules for interpretation apply only when the testator's intent cannot be ascertained from the language of the testament. In applying these rules, the court may be aided by any competent evidence.
>
> B. When a testament uses a term the legal effect of which has been changed after the date of execution of the testament, the court may consider the law in effect at the time the testament was executed to

7

ascertain the testator's intent in the interpretation of a legacy or other testamentary provision.

The case of *In re Succession of Helms*, 01-1357 (La.App. 3 Cir. 3/6/02), 810 So.2d 1265, involved similar facts to the case *sub judice*. In *Helms*, the testator bequeathed "the minimum portion allowed by Louisiana law at the time of my death" to be held in trust for his second daughter. The testator's second daughter argued that the bequest, together with the creation of a testamentary trust, should compel the interpretation of the will as leaving her "something" as opposed to "nothing." We affirmed the trial court's judgment which interpreted testator's bequest as providing nothing to the testator's second daughter.

Though *Helms* was an appeal from a trial on the merits as opposed to a summary judgment, this court's pronouncement of relevant case law provides pertinent guidance in the instant case.

> "Courts must interpret a will according to its plain language since 'the intent of the testator is the paramount consideration in determining the provisions of a will.'" *Succession of Hackney*, 97-859, p. 5 (La.App. 3 Cir. 2/4/98); 707 So.2d 1302, 1306, *writ denied*, 98-596 (La.4/24/98); 717 So.2d 1172 *(quoting Succession of Schiro*, 96-1567, p. 6 (La.App. 4 Cir. 4/9/97); 691 So.2d 1374, 1377, *writs denied*, 97-1400, 97-1423 (La.9/5/97); 700 So.2d 518). The intention of the deceased must be ascertained from the whole will, and effect must be given to every part of the will as far as the law will permit. "Where it is a question of the choice between two interpretations, one of which will effectuate, and the other will defeat, a testator's intention, the court will carry out the intention of the testator." *Carter v. Succession of Carter*, 332 So.2d 439, 441 (La.1976) (*quoting Succession of LaBarre*, 179 La. 45, 48, 153 So. 15, 16 (1934)). Additionally, Louisiana case law has recognized that in the interpretation of wills, the first and natural impression conveyed to the mind on reading the will as a whole is entitled to great weight. "The testatrix is not supposed to be propounding riddles but rather to be conveying her ideas to the best of her ability so as to be correctly understood at first view." *Succession of Meeks*, (La.App. 2 Cir.1992); 609 So.2d 1035, 1038, *writ denied*, 612 So.2d 86 (La.1993).

Leake contends the trial court erred by relying in part on incompetent and extrinsic evidence in interpreting a will that both parties agreed was clear. The record

indicates that the trial court attempted to approach this issue from the standpoint of the will being clear and unambiguous. The trial court even ruled it would not consider the extrinsic evidence offered by Veillon, specifically, Ralph Kennedy's affidavit. However, the trial court's ultimate use of said extrinsic evidence is confirmation to this court that the trial court did deem the terms of the will as unclear and ambiguous. When a bequest is clear and unambiguous, the need for extrinsic evidence is precluded since, according to Louisiana Civil Code Article 1611, evidence is only to be a reference in the event that a testament's language is not clear. *In re Succession of Delcambre*, 04-1227 (La.App. 3 Cir. 2/2/05), 893 So.2d 167, *writ denied*, 05-527 (La. 4/29/05), 901 So.2d 1069. After thorough review and consideration, we find the trial court's judgment to be an error of law, and we remand this matter to the trial court for proper evidentiary consideration.

Because Leake's appeal to this court does not include an opposition to the trial court's appointment of Veillon as dative executrix of this succession proceeding, that issue is not before this court, and therefore, is not considered.

We reverse the trial court's ruling on the cross-motions for summary judgment and find that there are material questions of fact which exist as to testamentary intent. We remand this matter to the trial court for trial on the merits to determine the testamentary intent and legal interpretation of Soileau's will. Costs of this appeal are assessed equally against Appellant and Appellee.

**REVERSED AND REMANDED.**