| SUCCESSION OF ALBERT E. PITTMAN | * | NO. 2019-CA-0683 |
| --- | --- | --- |
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

## LEDET, J., DISSENTS WITH REASONS

The majority concludes that summary judgment in the Trustee's favor was appropriate for the following two reasons:

- The Trustee "put forth undisputed [documentary] evidence that [Ms.] Montgomery previously, until the filing of the Rule to Remove, knew and approved of the position—held by Gloria as Trustee and representative of the estate—that Gloria had the right to expend the Trust funds as she saw fit and the right to invade the principal for any reason"; and

- There is "no ambiguity in [the Testator's] intent [expressed in the will] for [the Trustee] to use the Trust assets as she saw fit during her lifetime."

Based on these two reasons, the majority holds that there is "no genuine issue of material fact to be litigated on the Rule for Removal." I respectfully disagree. I would find that a genuine issue of material fact remains, reverse the trial court's decision granting the Trustee's summary judgment motion, and remand for further proceedings.

The factual and procedural background of the case are accurately set forth in the majority's opinion. My dissent is divided into three sections—summary judgment principles, parties' positions, and equitable estoppel theory.

## SUMMARY JUDGMENT PRINCIPLES

Despite the legislative mandate that the summary judgment procedure is favored, the jurisprudence has recognized that "any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor

1

of a trial on the merits." *Bridgewater v. New Orleans Reg'l Transit Auth.*, 15-0922, pp. 5-6 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 412. "Procedurally, the court's first task on a motion for summary judgment is determining whether the moving party's supporting documents . . . are sufficient to resolve all material factual issues." *Murphy v. L & L Marine Transp., Inc.*, 97-33, p. 4 (La. App. 5 Cir. 5/28/97), 695 So.2d 1045, 1047. A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751).

"The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case showing that there are no genuine issues of material fact." *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Rapp v. City of New Orleans*, 95-1638, p. 4 (La. App. 4 Cir. 9/18/96), 681 So.2d 433, 437). "Since the moving party bears the burden of proving the lack of a material issue of fact, inferences to be drawn from the underlying facts before the court must be viewed in light most favorable to the non-moving party." *Gilbert v. Gottsegen*, 14-593, p. 8 (La. App. 5 Cir. 5/21/15), 171 So.3d 289, 294. Stated otherwise, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. *Willis v. Medders*, 00-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050.

"The fact that the party is unlikely to prevail at trial on the merits is not a sufficient basis for granting a motion for summary judgment against that party. In fact, the likelihood that a party will be unable to prevail at a trial on the merits is an improper basis for deciding a motion for summary judgment." Plotkin, 2 LA. PRAC. CIV. PROC., Article 966 (2019 ed.) (internal citations omitted). "The Court should

2

not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact." *Kidd v. Indep. Fire Ins. Co.*, 95-1273, p. 6 (La. App. 4 Cir. 1/19/96); 668 So.2d 406, 409 (citations omitted).

Summary judgment ordinarily is inappropriate for a determination based on subjective facts, such as intent, motive, malice, knowledge, or good faith. *Jones v. Estate of Santiago*, 03-1424, p. 6 (La. 4/14/04), 870 So.2d 1002, 1006. Only when no issue of material of fact exists as to the pertinent intent is it appropriate to grant summary judgment in such cases. *Edgefield v. Audubon Nature Inst., Inc.*, 17-1050, p. 5 (La. App. 4 Cir. 3/27/19), 267 So.3d 738, 741-42 (citing *Jones*, *supra*). Moreover, "[d]ue to its evidentiary limitations, summary judgment is not the proper procedural device for the resolution of all legal matters, particularly the resolution of succession matters dealing with disparity in testamentary dispositions and intent of the testator." *In re Succession of Soileau*, 05-655, p. 7 (La. App. 3 Cir. 12/30/05), 918 So.2d 563, 568.

## PARTIES' POSITIONS

Ms. Montgomery's sole assignment of error is that the trial court legally erred in granting summary judgment on the question of the Testator's intent in drafting the Will. Countering, the Trustee contends that the trial court's ruling was not based on a determination that the Testator's intent but on equitable estoppel. The Trustee further contends that because the trial court granted summary judgment based on equitable estoppel, it is unnecessary for this court to reach the issue of the Testator's intent. I agree.

Although the trial court provided no reasons for judgment, a review of the hearing transcript reveals that the trial court, as the Trustee contends, did not address the issue of the Testator's intent; rather, the hearing focused solely on the equitable estoppel issue. Before this court, neither party contends that the Testator's intent is unambiguous such that the trial court's judgment granting the

3

Trustee's motion for summary judgment could be affirmed on that ground. To the contrary, Ms. Montgomery contends that, if anything, the converse is true—the Testator's intent unambiguously was that the Trustee's right to invade the principal was limited. For these reasons, I would pretermit the issue of the Testator's intent and focus solely, as did the trial court, on whether Ms. Montgomery is equitably estopped from challenging the Trustee's ability to invade the Trust principal.[1]

## EQUITABLE ESTOPPEL THEORY

In Louisiana, estoppel is a doctrine of last resort. *See Morris v. Friedman*, 94-2808, p. 9 (La. 11/27/95), 663 So.2d 19, 25 (observing that Louisiana law disfavors estoppel); *Palermo Land Co., Inc. v. Planning Comm'n of Calcasieu Par.*, 561 So.2d 482, 488 (La. 1990). Equitable estoppel is defined as "'the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.'" *Morris*, 94-2808, pp. 8-9, 663 So.2d at 25 (internal citations omitted). The party seeking to invoke equitable estoppel must prove the following three elements: [i] a prior representation by conduct or word; [ii] justifiable reliance thereon; and [iii] detrimental reliance—a change of position to one's detriment because of the reliance. *Morris*, 94-2808, pp. 8-9, 663 So.2d at 25.

To establish a prior representation, the Trustee relies upon two documents that Ms. Montgomery allegedly drafted when she was an associate with a law firm (the "Firm")—the 2010 Red-Lined Opposition and the 2009 File Memo. As the majority acknowledges, the Trustee's position is that "[Ms.] Montgomery made a representation by conduct and work by editing the 2010 [Red-Lined] Opposition and drafting the 2009 File Memo in which both state repeatedly that [the Trustee]

---

[1] Although the Trustee also raises the doctrine of judicial estoppel, this doctrine, as the majority points out, is inapposite here.

has the right to invade the principal of the Trust, as intended and specified in [the Testator's] will." I would find the trial court's reliance on the two documents as establishing a prior representation by Ms. Montgomery misplaced for two reasons.

First, I would find that the two documents are not competent summary judgment evidence.[2] The Trustee introduced the two documents as attachments to an affidavit by an attorney with the Firm, Christy Bergeron. In her affidavit, Ms. Bergeron attested to the following:

- [The Firm] is in possession of the entire file related to [the Testator] and the disputes over his estate.

- On March 3, 2010, [Ms.] Montgomery edited an Opposition to Rule for an Accounting and for Removal of Trustee filed by Sandra Pittman. A copy of the March 3, 2010 revisions is attached hereto as Exhibit "H. [(The "2010 Red-Lined Opposition")]."

- In December 2009, [Ms.] Montgomery drafted a File Memo regarding the Pittman litigation. A copy of the December 2009 File Memo is attached hereto as Exhibit "I" [(the "2009 File Memo")]."

Ms. Bergeron still further attested that these two documents met the requirements for the business records exception to the hearsay rule. *See* La. C.E. art. 803(6).[3]

"Courts should generally be wary of admitting third-party 'hearsay within hearsay' documents under the guise of 'incorporated business records.'" *Burdette v. Drushell*, 01-2494, p. 11 (La. App. 1 Cir. 12/20/02), 837 So.2d 54, 63. Such is the case here. The two documents fall outside the realm of the ordinary business records for which the business record exception is suited. *See Berard v. L-3*

---

[2] The majority notes that "[Ms.] Montgomery's motion does not dispute the authenticity of the [two] documents but objects to their relevance." Regardless, the trial court was required to determine whether these documents were competent summary judgment evidence before relying on those documents to grant the motion for summary judgment. *See* La. C.E. art. 803(6), cmt. (c) (observing that "[e]vidence may be admissible under a hearsay exception but insufficient to carry the offering party's burden of proof").

[3] La. C.E. art. 803(6) provides, in part, that "[a] memorandum . . . made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum . . . all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness."

5

*Commc'ns Vertex Aerospace, LLC*, 09-1202, p. 22 (La. App. 1 Cir. 2/12/10), 35 So.3d 334, 349 (observing that "such business records, authenticated and incorporated by reference in affidavits, are generally limited to routine, contemporaneous records of events or circumstances 'made and kept in the course of a regularly conducted business activity,' as part of 'the regular practice of that business activity to make and to keep' such records, such as accounting entries"). The two documents —the 2010 Red-Lined Opposition and the 2009 File Memo— share none of the characteristics of classic business records such as accounting entries.

Addressing a similar issue regarding the competency of summary judgment evidence, the court in the *Berard* case reasoned that "[w]hile the unsworn employee statements may have been properly certified by their custodian as . . . business records under La. C.E. art. 803(6), such certification at best would only serve to relax the general evidentiary rule against hearsay; the certification did not obviate sworn affidavits from the witnesses, 'made on personal knowledge' and 'show[ing] affirmatively that the affiant[s] [were] competent to testify to the matters stated therein' for purposes of summary judgment." *Id.*, 09-1202, p. 23, 35 So.3d at 350. Continuing, the court reasoned that the "sworn certificate of a business records custodian simply does not function as the legal equivalent of the required personal knowledge for purposes of summary judgment." *Id.*, 09-1202, pp. 23-24, 35 So.3d at 350. Thus, the court concluded that "the unsworn employee statements are not competent evidence for purposes of summary judgment under the circumstances." *Id.*, 09-1202, p. 24, 35 So.3d at 350. I would reach the same conclusion as to the two documents at issue here. For this reason, I would find that the trial court's reliance on the two documents to establish a prior misrepresentation was misplaced.

My second reason for finding the two documents are insufficient to establish a prior representation is that none of the representations contained in either of the documents is directly attributable to Ms. Montgomery. Ms. Montgomery only edited portions of the 2010 Red-Lined Opposition; the 2009 File Memo does not identify the author and is misdated. To attribute the representations in either of the documents to Ms. Montgomery would require that inferences be made in favor of the Trustee—the party seeking summary judgment and having the burden of proof.

The rules regarding summary judgment preclude making inferences in the mover's favor; rather, the rules require that factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion and that all doubt be resolved in the opponent's favor. *See Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050; *see also Kovach v. Hancock Bank of Louisiana*, 14-0981, p. 3 (La. App. 4 Cir. 5/6/15), 164 So.3d 436, 439 (quoting *Hines v. Garrett*, 04-0806, p. 1 (La. 6/25/04), 876 So.2d 764, 765) (observing that "[t]his Court views 'the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant'").

Given the summary judgment rules preclude making factual inferences in the mover's favor coupled with the lack of competent summary judgment evidence that Ms. Montgomery made such representations to the Trustee, I would find that a genuine issue of material fact remains as to whether any representation was made. Moreover, even assuming the Trustee could establish that a representation was made, whether the Trustee's reliance on such representation was justifiable is an extremely fact-intensive issue that cannot be resolved on summary judgment. *See In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 333 (5th Cir.2007) (citing *Carter v. Huber & Heard, Inc.*, 95-142 (La. App. 3 Cir.5/31/95), 657 So.2d 409, 412) (observing that "[t]he existence of a promise, and the reasonableness *vel non* of reliance on a promise if there was one, are essentially questions of fact"); *see also*

7

*Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403, n. 13 (5th Cir. 2004) (citing *Babkow v. Morris Bart, P.L.C.*, 98-0256 (La. App. 4 Cir. 12/16/98), 726 So.2d 423, 428 (characterizing the reasonable reliance determination as "extremely fact intensive")). The Trustee, thus, is not entitled to summary judgment based on the equitable estoppel theory.

For the foregoing reasons, I would find that a genuine issue of material fact remains, reverse the trial court's decision granting the Trustee's summary judgment motion, and remand for further proceedings.